Opinion issued September 26, 2002












In The

Court of Appeals

For The

First District of Texas

____________


NO. 01-01-00443-CR

____________


ROGER DALE DEAN, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 183rd District Court 

Harris County, Texas

Trial Court Cause No. 852518






O P I N I O N

 A jury found appellant guilty of capital murder and assessed punishment at life
in prison. We affirm.


Facts

 On July 28, 2000, appellant and Justin Lindsay, appellant's accomplice,
planned to steal two kilograms of heroin during the robbery of a home. Because their
plan became unfeasible, appellant and Lindsay decided to rob a different home of
$30,000 cash and Ecstacy. Another accomplice, Will Henry, told appellant and
Lindsay they would need guns for this robbery because the occupants of the house to
be robbed had guns all over their home. During the planning of the robbery, Amber
Martin, appellant's girlfriend, overheard appellant talking about "killing them all,"
when referring to the robbery. Because Lindsay had a sawed-off shotgun, and
appellant had only a knife, Lindsay, Will Henry, and appellant acquired a revolver for
appellant to use during the robbery. 

 Lindsay, Henry, and appellant arrived at the location of the robbery. While
Henry waited in the car, appellant, armed with a revolver and knife, and Lindsay,
armed with a sawed-off shotgun, approached the home of the robbery and knocked
on the door. Lindsey Haenal, an occupant of the house, opened the door, and
appellant and Lindsay entered. Appellant put his gun in Haenal's face and demanded
to know where the safe was located. When Haenal told the intruders she did not
know of any safe in the house, Lindsay taped Haenal's mouth, wrists, and ankles,
while appellant went upstairs to search for money and drugs.

 When appellant reached the top of the stairs, he encountered Kevin Vaughn,
who had passed out on a bed. Haenal and Lindsay both heard some mumbling from
upstairs and also heard a gunshot. Additionally, they both heard another gunshot
some 12 to 20 seconds after the first. After the second gunshot, appellant went
downstairs and told Lindsay he could not find any money or drugs. Appellant and
Lindsay then left the house. Later on that evening, appellant returned home and told
his girlfriend he had shot Vaughn twice and stolen his money. 

 Houston Police Officer Dieterle arrived at the scene and found Vaughn lying
face down, dead. Officer Wood, a homicide investigator with the Houston Police
Department, testified that the bullet was fired from a revolver. Dr. Shrode, an
Assistant County Medical Examiner who performed an autopsy on Vaughn,
determined that his cause of death was a gunshot wound to the face. Officer
Lambright, a Houston Police Department crime-scene investigator, testified there
were no signs of a struggle for the revolver. He further testified that if Vaughn had
grabbed the revolver, there would have been evidence of burning, soot, or charring
on the victim, but there was no such evidence. 

Voir Dire

 In his first and second points of error, appellant claims the trial court violated 
his constitutional rights to due process and his Texas statutory rights by allowing voir
dire of a venire person outside the presence of appellant. 

 Appellant was temporarily out of the courtroom during a portion of the voir
dire of one venire person. The following exchange took place after appellant
returned:

THE COURT: I just want to get this clear on the record
because it may not have been on the record that there was
some reference that the Defendant might have been out of
the courtroom during the last interchange with the juror. I
just want to make sure that's clear that that was done at
Defense counsel's request and after consultation with
Defense counsel and his client; is that correct?


DEFENSE COUNSEL: Yes, Your Honor, and he agreed
to waive that brief examination.


THE COURT: And that was your agreement?


DEFENSE COUNSEL: Yes, Your Honor.


APPELLANT: Yes, Your Honor. 


 Appellant was not present during a portion of the venire person's voir dire
because appellant's counsel and appellant requested that appellant be excused from
the courtroom for that portion of the trial. Appellant now claims that granting his
request was error. The law of invited error estops a party from asserting error based
on an action that party induced. Prystash v. State, 3 S.W.3d 522, 531 (Tex. Crim.
App. 1999); Livingston v. State, 739 S.W.2d 311, 341 (Tex. Crim. App. 1987). Here,
appellant induced the error he complains of, namely, being outside the courtroom
during voir dire. Accordingly, we need not address whether conducting voir dire
outside the appellant's presence violated his constitutional or statutory rights. 
Because he complains about a situation he voluntarily created, appellant has waived
any error. (1)

 We overrule appellant's first and second points of error. 

Opening Statement

 In his third point of error, appellant claims the trial court erred by not allowing
him to complete his opening statement. We review the trial court's decision for abuse
of discretion. See Norton v. State, 564 S.W.2d 714, 718 (Tex. Crim. App. 1978).

 If timely requested, denying defendant an opening statement is a denial of a
valuable right and may constitute error. See Moore v. State, 868 S.W.2d 787, 788
(Tex. Crim. App. 1993). However, "the character and extent of such statement are
subject to the control of the trial court." McBride v. State, 7 S.W.2d 1091, 1094 (Tex.
Crim. App. 1928). The trial court has discretion to limit the statement to its proper
scope and ensure that the opening statement is not used to comment on improper or
inadmissible facts. See Dugan v. State, 199 S.W. 616, 617 (Tex. Crim. App. 1917).

 During his opening statement, appellant's counsel commented on appellant's
confession. The State lodged a hearsay objection, arguing that any comments
appellant made were inadmissible hearsay. Appellant's counsel claimed appellant's
comments to the police were admissible because they would be a part of the State's
evidence against appellant. The State responded that it had not referred to appellant's
confession in its opening and did not intend to mention appellant's confession. The
trial court sustained appellant's objection and offered appellant the opportunity to
make an additional opening before his case-in-chief if the State mentioned the
confession during its case. 

 Because the State did not use appellant's confession during its case-in-chief
and did not mention the confession during its opening statement, and because the trial
court would have allowed the defense to make another opening statement after the
State rested had the State introduced appellant's statement during its case-in-chief,
we hold that the trial court did not abuse its discretion by limiting appellant's opening
statement.

 We overrule appellant's third point of error. 

Disabled Juror

 In his fourth point of error, appellant contends the trial court abused its
discretion by not finding a juror disabled and by refusing to requestion the juror after
the trial court temporarily postponed the trial. We review the trial court's decision
for abuse of discretion. See Brooks v. State, 990 S.W.2d 278, 286 (Tex. Crim. App.
1999). 

 Article 36.29 of the Texas Code of Criminal Procedure provides, that if, ". . .
a juror dies or becomes disabled . . . that juror could be replaced by [an] alternate." 
Tex. Code. Crim. Proc. art. 36.29(b) (Vernon Supp. 2002). The term "disabled"
means any condition that inhibits the juror from fully and fairly performing the
functions of a juror. Bass v. State, 622 S.W.2d 101, 106 (Tex. Crim. App. 1981)
(citing Griffin v. State, 486 S.W.2d 948, 951 (Tex. Crim. App. 1972)). The condition
may result from physical illness, mental condition, or emotional state. See Reyes v.
State, 30 S.W.3d 409, 411 (Tex. Crim. App. 2000). 

 During trial, Juror Schurtz telephoned the trial court to explain that he had been
involved in an altercation and was seeking medical attention. That same afternoon,
Juror Schurtz appeared in court and was questioned by the court. Juror Schurtz was
asked numerous questions regarding: (1) whether the police were called to handle the
disturbance; (2) how the juror was feeling physically; and (3) how the juror was
feeling emotionally. 

 Juror Schurtz responded with the following: (1) the police were not called
during or after the disturbance; (2) he had some lacerations and had seen a doctor that
morning for treatment; and (3) the altercation would affect his ability to focus and pay
attention for the day. Juror Schurtz stated he would, however, be able to pay attention
and would fairly and impartially perform his functions as a juror the next morning. 
In consideration of Juror Schurtz's answers, the trial court postponed the trial for the
day to allow Juror Schurtz to return home and rest for the remainder of the afternoon
and evening. Based on these circumstances, we hold that the trial court did not abuse
its discretion in finding that Juror Schurtz was not inhibited from fully and fairly
performing the functions of a juror and therefore was not disabled. See Bass, 622
S.W.2d at 106. We further hold that the trial court did not abuse its discretion by
denying appellant's request to requestion Juror Schurtz when he returned the next
morning. In response to appellant's request, the court indicated that, unless Juror
Schurtz came forward to either the court or the bailiff with additional information, he
would not be requestioned about the incident. Because the juror had previously
indicated he would be able to participate fully the next day, the trial court's decision
was correct.

 We overrule appellant's fourth point of error. 

Legal and Factual Sufficiency

 In his fifth and sixth points of error, appellant contends the evidence was both
legally and factually insufficient to prove that he intentionally murdered Kevin
Vaughn.

 A person commits capital murder if he intentionally or knowingly causes the
death of an individual and intentionally commits the murder in the course of
committing or attempting to commit kidnapping, burglary, robbery, aggravated sexual
assault, arson, or obstruction or retaliation. Tex. Pen. Code Ann. §§ 19.02(b)(1),
.03(a)(2) (Vernon 1994). 

 In reviewing legal sufficiency, we view the evidence in a light most favorable
to the verdict, and ask whether a rational trier-of-fact could find the essential elements
of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319, 99
S. Ct. 2781, 2789 (1979); Valencia v. State, 51 S.W.3d 418, 423 (Tex.
App.--Houston [1st Dist.] 2001, pet. ref'd). In reviewing factual sufficiency, we
examine all of the evidence neutrally and ask whether proof of guilt is so obviously
weak or greatly outweighed by contrary proof as to indicate that a manifest injustice
has occurred. King v. State, 29 S.W.3d 556, 563 (Tex. Crim. App. 2000); Valencia,
51 S.W.3d at 423. In conducting this analysis, we may disagree with the jury's
determination, even if probative evidence supports the verdict, but must avoid
substituting our judgment for that of the fact finder. King, 29 S.W.3d at 563. The
reviewing court should not intrude upon the jury's role as the sole judge of the weight
and credibility of witness testimony. See Vasquez v. State, 67 S.W.3d 229, 236 (Tex.
Crim. App. 2002).

 Appellant's intent may be inferred from his acts, words, and conduct. See
Beltran v. State, 593 S.W.2d 688, 689 (Tex. Crim. App. 1980). Evidence of an intent
to murder may be proved by circumstantial evidence. Smith v. State, 56 S.W.3d 739,
745 (Tex. App.--Houston [14th Dist.] 2001, pet. ref'd.). The jury may infer
appellant's intent to kill from his use of a deadly weapon. See Mercado v. State, 718
S.W.2d 291, 295 (Tex. Crim. App. 1986). A pistol is a deadly weapon per se that
presumes an intent to kill. Williams v. State, 567 S.W.2d 507, 509 (Tex. Crim. App.
1978). 

 After hearing all the evidence in this case, the jury could reasonably have found
the following: (1) appellant planned to break into a home and steal $30,000 cash and
Ecstacy during the robbery; (2) appellant told an accomplice "he would go in and kill
them all," referring to prospective victims of the robbery; (3) appellant procured a
revolver to use in the robbery; (4) appellant had a revolver and a knife on his person
before entering the house; (5) appellant rushed into the home with his gun pointed
at Haenal's face; (6) appellant went upstairs and found Vaughn; (7) appellant fired
two shots within 20 seconds; (8) Vaughn died of a gunshot wound; (9) appellant later
told his girlfriend he shot Vaughn twice and took his money; and (10) there was no
evidence that the revolver was fired during a struggle between appellant and Vaughn. 
We hold that the evidence is legally sufficient to show that appellant intentionally or
knowingly caused the death of Vaughn.

 Appellant's factual sufficiency challenge relies on the following: (1) there
were no eyewitnesses to the murder; (2) there was no clear, auditory expression of
intent to kill by appellant; (3) appellant claimed he was joking when he stated that,
"he would kill them all" and (4) one of the two bullets struck the wall six feet off the
ground. As stated above, intent to kill may be inferred from appellant's acts, words,
and conduct. See Beltran, 593 S.W.2d at 689. Furthermore, the jury was entitled to
infer intent to kill from appellant's use of a deadly weapon. See Mercado, 718
S.W.2d at 295. We hold the verdict is not so against the great weight and
preponderance of the evidence as to be manifestly unjust.

 We overrule appellant's fifth and sixth points of error.

Conclusion

 We affirm the judgment of the trial court.

 



 Elsa Alcala

 Justice


Panel consists of Justices Taft, Alcala, and Price. (2) 

Do Not Publish. Tex. R. App. P. 47.
1. We note that appellant's counsel on appeal, Danny Easterling, also represented
appellant at trial. 
2. The Honorable Frank C. Price, former Justice, Court of Appeals, First District
of Texas at Houston, participating by assignment.