C. B. McBRIDE v. THE STATE.

No. 11787. Delivered June 6, 1928.
Rehearing denied State June 28, 1928.

310

The opinion states the case.

*Saunders & Atchison* and *V. L. Shurtliff* for appellant.

*John F. Evans, L. F. Welch,* District Attorney, *O. H. Allred,* County Attorney, of Breckenridge, *McLean Scott & Sayers* of Ft. Worth, and *A. A. Dawson* of Canton, State's Attorney, for the State.

CHRISTIAN, JUDGE.—The offense is murder; the punishment confinement in the penitentiary for 45 years.

Appellant lost some well-drilling tools. Deceased handled equipment for drilling oil wells. Appellant believed that deceased was concerned in stealing his property. State's witnesses testified that appellant threatened the life of deceased. Shortly before the homicide deceased, at the instance of appellant, went to see appellant. A difficulty ensued. Appellant testified that deceased cursed him, and began striking him with his fists; that deceased knocked him down and told him that he would cut his throat; that as he, appellant, got to his feet he pulled a pistol; that a party who had been standing near was holding deceased and that deceased was struggling to free himself; that deceased freed himself and faced appellant in a crouching position with his right hand in his pocket; that believing that deceased was preparing to cut his throat he fired on deceased. Several witnesses for the state testified that deceased was striking appellant and had knocked him against an automobile, appellant endeavoring to protect himself with his arms, before appellant fired. It was also testified by state's witnesses that deceased was attempting to place a bystander between him and appellant shortly before appellant fired; that a scuffle ensued between deceased and the bystander with the result that the bystander freed himself and deceased faced appellant about the time the shot was fired. State's witnesses, who examined deceased's wound, stated that the bullet entered from the back. Deceased was a large vigorous man and several years younger than appellant. Appellant had been several times injured and was not a strong man.

Attorneys for the state request that several of appellant's bills of exception be stricken from the record, asserting that bills of ex-

ception relating to the formation and selection of the jury and re-ferring only to collateral issues and containing recitations of fact adduced upon issues other than the guilt or innocence of the accused must be filed in term time. Chapter 8, of the Acts of the 39th Legislature, First Called Session, has evidently been overlooked. Section 1 of said act provides:

"In all Criminal Cases tried in any court in this State, statements of facts or bills of exception as to the action of the court in overruling an application for change of venue, or as to other matters and things occurring before the beginning of the actual trial of the case, shall not be required to be filed during the term of the court at which such case is tried, nor shall such statements of facts or bills of exception pertaining to misconduct of the jury or other matters or things happening or occurring after the submission of the case to the jury, be required to be filed during such term of court; but all such statements of facts and bills of exception pertaining to any and all of such matters shall be filed within the same time as is prescribed by law for the filing of statements of facts and bills of exception pertaining to matters or things happening or occurring during the actual trial of the case."

Section 2 of said act provides:

"All statements of facts and bills of exception when filed in compliance with Section 1 hereof shall be entitled to consideration in any appellate court in this State, provided this law has become effective when the case is heard by such appellate court."

The statute above quoted has the effect of authorizing the filing of bills of exception relating to the matters mentioned after the close of the term and within the time bills of exception generally may be filed.

Bill of exception Number 13 was reserved to the refusal of the court to permit appellant to make an opening statement to the jury in accordance with Article 642 C. C. P. It appears that the request was made after the state had rested its case and appellant had placed one witness on the stand who had testified only to the good reputation of appellant for being a peaceable and law-abiding citizen. The bill of exception embodies the proposed statement. In the case of House v. State, 171 S. W. 206, this court held that the use of two witnesses by the accused, who had testified only as to his good reputation, did not constitute a waiver of the right of counsel for the accused to state the nature of the defenses relied upon and what facts were expected to be proved in their support. The rule appli-

cable is stated by Judge Morrow in Dugan v. State, 199 S. W. 616, as follows:

"The correct view, we think, is that there rests in the court the judicial discretion to control the statement and limit it to its proper scope, and that when an accused in a timely manner seeks to avail himself of the privilege of making an opening statement, and does not seek to abuse the privilege by commenting upon improper and inadmissible facts, converting it into argument, or otherwise misusing it, it should be accorded, and when its denial, under these circumstances, is properly brought before this court for review, the denial will not be sanctioned."

It is shown by a number of bills of exception that several jurors were challenged for cause on the ground that they were prejudiced against appellant. As we understand the testimony of said jurors, they entertained more or less prejudice against appellant. However, each juror averred that he could lay such prejudice aside and try appellant according to the law and the evidence. The court overruled the challenges for cause and appellant exhausted his peremptory challenges on said jurors. Thereafter appellant was required over proper challenge for cause to accept a juror who entertained the same attitude of mind as the jurors who had been challenged because of prejudice. Subdivision 12, of Article 616, C. C. P. provides that a juror may be challenged for cause when "he has a bias or prejudice in favor of or against the defendant." In Hooper v. State, 272 S. W. 493, Judge Lattimore, in discussing this subdivision of the statute, said:

"This is quite different from the thirteenth subdivision of said article, which provides as to cases where a juror has established in his mind a conclusion as to the guilt or innocence of the defendant such as would influence his action in finding a verdict. When a juror seems disqualified under the thirteenth subdivision, it is always permissible to ask him if he can lay aside such opinion, and if, after having laid it aside, he can give the accused a fair and impartial trial. There is a fundamental distinction between the prejudice on the part of a juror and the entertaining of an opinion on his part. When it appears that the feeling had by the proposed juror is really one of prejudice, and that it is directed toward the accused, it is not ordinarily deemed possible for such a juror to be qualified by stating that he can lay aside such prejudice, etc. It is easily possible for one who entertains a deep-seated prejudice to believe himself able to lay it aside, but human experience teaches the contrary."

Giving effect here to the above announcement, we are constrained to hold that the learned trial judge fell into error in overruling the challenges to the jurors.

It appears from bill of exception Number 23 that appellant had had a conversation with A. F. Martin, a witness for the state, concerning the tools he had lost, and that in said conversation he had accused deceased of being connected with stealing his tools. This conversation was brought out by the state. On cross-examination appellant questioned the witness concerning the matters brought out by the state relative to said conversation. The state asked appellant on cross examination if he had not told the witness Martin in the same conversation that he had at another time assaulted a person who had placed a lien on his property. Appellant answered in the negative. Over proper objection the witness Martin, upon being recalled by the state, testified that appellant had related to him in the same conversation the incident of assaulting a party who had placed a lien on his property. The state had shown that appellant had threatened the life of deceased. We are not in accord with the state's position that the statement respecting another and different offense was necessary to express the idea that appellant was accusing deceased of being connected with stealing his property. Nor do we understand that said statement illustrated the meaning of any threat against deceased. There would have been no obscurity in appellant's statement to Martin had the statement relative to a different transaction and offense been eliminated. The case of Martin v. State, 295 S. W. 1098, relied upon by the State, is not in point. In that case, the accused in making threats against officers in general, displayed and made use of a pistol in the presence of the witness to whom the threats were made. The meaning of the language employed by the accused would have been obscure, without the accompanying acts and words of the accused in relation to the witness. In discussing the question, the court said:

"The display of the pistols and the use made of them on the occasion, considered in connection with the balance of Rayzor's testimony, impresses the writer as merely a demonstration by the appellant emphasizing and illustrating the meaning of his words. The acts and words were res gestae of each other, and both were necessary to express the idea that he was endeavoring to convey to Rayzor and to have him transmit it to 'those damned officers.' The threats being relevant on the issue of motive (Wharton's Crim. Ev., 10th Ed., vol. 2, sections 882 and 884), the manner in which they were

made became admissible although their relation disclosed the commission of another offense. A recital of the words which Rayzor imputed to the appellant, without the accompanying acts, would have left his meaning obscure when he said, 'This is what I am going to smoke them out with.' "

In the case at bar, the unrelated act of appellant in assaulting another in no manner explained any other act, declaration or conversation given in evidence, and a recital thereof was not necessary to make any matter in evidence fully understood. Such statement shed no light on any issue in the case. The provisions of Article 728 C. C. P. to the effect that when part of an act, declaration or conversation or writing is given in evidence by one party, the whole on the same subject may be inquired into by the other, has no application here. The state and not appellant introduced in evidence the conversation had between appellant and the witness Martin. We are constrained to hold that the testimony complained of was admissible under none of the recognized exceptions to the rule that proof of extraneous offenses is not admissible if it could only show that the accused was a criminal generally. Martin v. State, supra, and authorities cited; Branch's Annotated Penal Code of Texas, Section 166. The matter upon which it was sought to impeach appellant being collateral to the issue, the state could not subsequently contradict appellant's answer to the question. Branch's Annotated Penal Code of Texas, Section 178. It follows that reversible error is presented.

Other questions are presented, but not discussed, as they are not likely to arise in the same form on another trial.

For the errors discussed, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING BY STATE.

LATTIMORE, JUDGE.—The State contends in its motion that no error was committed by the trial court in refusing to let appellant make a statement of the nature of his defenses and the facts he expected to offer in their support. Under the facts of this case as they appear upon re-examination of the proffered statement, and the

time of its offer, we are of opinion that the State is correct. While it does appear in the opinion in House v. State, 171 S. W. Rep. 206, that before the tender of the opening statement by appellant two character witnesses had testified for the defense, still the opinion does not set out what reasons may have actuated the trial court in refusing to allow the accused to make the statement when offered. It was shown in the bill of exceptions in that case that the court below said he would overrule the plain letter of the statute, and that fact seems to have been largely in the mind of this court in holding that the court below had no right to overrule the plain letter of the law, and in holding that the court should have permitted the defense to make its statement when offered. Reverting to Art. 642 C. C. P., we note that the object of said article as a whole, is to prescribe the order of the trial of a criminal case, i. e., how and in what sequence the proceedings shall be had. Manifestly this court should not hold that the 3rd and 5th subdivisions of said article are mandatory, and in so far as any expression to the contrary appears in Walsh v. State, 85 Texas Crim. Rep. 212, we are not in accord therewith. In Holsey v. State, 24 Texas Crim. App. 35, we pointedly held subdivision 3 of said article to be directory. This is approved in Poole v. State, 45 Texas Crim. Rep. 361; Owen v. State, 52 Texas Crim. Rep. 65; Essary v. State, 53 Texas Crim. Rep. 601; Dugan v. State, 82 Texas Crim. Rep. 424; Wray v. State, 89 Texas Crim. Rep. 637.

The State cites White v. State, 181 S. W. Rep. 192, as holding contrary to the view expressed in House v. State, supra, and contends that the White case announces a correct doctrine. Examining the opinion in said case we note that the bill of exceptions embracing the matter under discussion, did not set out what the appellant would have stated to the jury if permitted, nor did he state the facts which he intended and desired to put before them; and it was held that therefore the bill showed no injury. It is further stated in said opinion that notwithstanding the directory character of said statute, if the bill had shown any injury to the accused, the case would have been reversed, because under said statute the accused had a right to make such statement. The White case on this point is made to turn on the proposition that no injury to the accused was shown and this, while correct under the facts, is not applicable in all cases. The question of injury not being shown was also considered in Brown v. State, 87 Texas Crim. Rep. 265, and Wray v. State, supra.

We have this to say regarding this matter. We do not think subdivision 3 or 5 of Art. 642 mandatory, or that the court has the

right to compel either side to make the statement therein referred to. We are of opinion that the statute in question has for its object the laying down of the order of procedure, and we regard the discussion of the principle involved, in Roberts v. State, 30 Texas Crim. App. 298, as apt. We are of opinion that the statute having expressly granted to the accused at a certain time and place in said procedure the right to make the statement, that such right, if properly claimed, can not be arbitrarily denied him. But to avail himself of such right he must either assert it in its proper order as laid down in the statute, or else show good reason for not so doing. To be sure the character and extent of such statement, are subject to the control of the trial court as intimated in Dugan v. State, supra, and if not kept within the proper limits, such right may be denied as said in Sue v. State, 52 Texas Crim Rep. 122. We take it that the case of Owen v. State, 52 Texas Crim. Rep. 65, correctly upheld the action of the lower court in refusing a proffered statement by the accused, because not made at the time and place and in the order designated in the statute, and that the right to make such statement is to that extent dependent on same being made at the time and in the order laid down by the law. We are further of opinion, however, that occasion may arise when though the right is not promptly asserted, sufficient reason may be shown to the court for not having so done, in which case the making of said statement would be left to the discretion of the trial court subject to review by this court if such discretion be deemed abused. Situations may well arise when the accused may overlook the assertion of this right at its proper time, and may present sufficient reason to the court below to justify the granting of such right out of its order, that is, after the introduction of evidence of the defendant begins. We wish to be understood as holding that when the request for leave to make such statement is made in its due order, and is refused, the denial being of a statutory grant, the presumption of injury will obtain. We have gone into this at some length in an effort to clarify our position upon this matter in view of the fact that the opinions seem somewhat confusing, both as to the rights of the State and the defendant in this matter. Where there are statutory directions, same should be obeyed both by the State and the accused, and the accused should make his offered statement at the time and place set out in the statute, and the court should give the right to make it at such time. In the instant case no excuse was made or offered by the accused for not offering to make his statement to the jury in its proper order,

and one of the grounds stated by the court below upon which he based his refusal to allow the statement to be made when offered was the fact that it was not presented in its proper order. Examination of the proffered statement leads us to conclude it not such as is contemplated by the statute in question. We do not think the appellant should state in lengthy detail his own testimony or that of his witnesses, in such opening statement, but that the nature of his defense and the facts to support same should be set out in outline and in condensed form.

The State contends that we were incorrect in that part of our opinion wherein we held it improper for the court to overrule the challenges for cause to certain jurymen upon the ground that they entertained a prejudice against the accused. We have carefully reviewed the record as it relates to this matter and find ourselves not satisfied that there was no error in same. It does appear that in the voir dire examination of such jurors, the suggestion of prejudice arising from hearing of the homicide by the jurors, was made by the attorney for the accused in his questions; also that the answers do not make it clear whether the juror meant that he had a prejudice against the accused, or that he had formed from such hearsay an opinion about the case. There can be no question but that if said jurors really had prejudice, they were disqualified,— but it is questionable whether they intended to say,—what they really did say,—that is, that they had prejudice, or whether they intended to say that they merely had formed an opinion, which could be removed by testimony. Being in such condition of doubt from the record, we adhere to our ruling in this regard, but suggest that in such cases the trial court or the State's attorney, under permission of the court, should explain to the juror the difference between prejudice and opinion so that the real meaning and attitude of the juror can be arrived at both by the trial court and by this court from an examination of the record. Perhaps upon such explanation to them as indicated the jurors might have made clear their meaning, and some might have been as the State contends, or it might have been as appears on the face of the examinations.

Being unable to agree with the State in its contention, the motion for rehearing will be overruled.

*Overruled.*