James L. NORTON, Appellant,

v.

The STATE of Texas, Appellee.

No. 54081.

Court of Criminal Appeals of Texas, Panel No. 2.

April 5, 1978.

Rehearing En Banc Denied May 3, 1978.

James L. Norton, pro se.

Carol S. Vance, Dist. Atty., James T. Jordan and John S. Holleman, Asst. Dist. Attys., Houston, for the State.

Before ONION, P. J., and DOUGLAS and ODOM, JJ.

OPINION

ODOM, Judge.

This is an appeal from a conviction for making a false report to a peace officer, proscribed by V.T.C.A., Penal Code Sec. 37.-08(a). Trial was before a jury which found appellant guilty and assessed the maximum penalty provided by statute.

The facts adduced at trial established that on April 7, 1975, appellant approached J. L. Carter and asked him to procure enough marihuana to constitute a felony offense so that appellant could plant it on his ex-wife, Mrs. Mary Norton, or have it planted on her. On April 11, 1975, at about 12:15 p.m., Carter, along with Wilbur Austin, drove to Mrs. Norton's house and Carter informed Mrs. Norton that her ex-husband was trying to make trouble for her. Evidently Carter was of the opinion that some narcotics had been placed in Mrs. Norton's car and she allowed him to search the vehicle for it. Under the passenger side of the front seat four baggies of marihuana and a bottle of pills were found. Carter asked Mrs. Norton if he could have the drugs, to which she replied that he could, except for one baggie of marihuana which she wanted to give to the police.

On the same day, Officer J. M. Smith testified that he was assigned as desk officer in the narcotics division and that at about 9:30 a.m. he had received a phone call from a man who refused to identify himself who stated that a lady living at 13807 Taylorcrest (the residence of Mrs. Norton) was selling narcotics out of her car. Two undercover narcotic agents were sent to investigate the report and were conducting their surveillance when Carter and Austin arrived at Mrs. Norton's house at noon on April 11. After observing what appeared to them to be a narcotics sale, they arrested Carter and Austin a short distance from Mrs. Norton's residence. The marihuana and pills were seized. The narcotic agents then went to Mrs. Norton's residence and questioned her regarding the incident.

Mrs. Norton testified that after Carter and Austin left she called the police department and the district attorney's office concerning the matter. She then drove down to police headquarters to make out a report.

The evidence reflects that the informer had made several phone calls to the police on April the eleventh and the last call was made at approximately 3:00 p.m. Mrs. Norton was at the police station when this last phone call was made and listened in on the conversation between the informer and Officer Smith. Mrs. Norton testified that she recognized the voice of the informer as being that of the appellant. She was then asked by the police officers to speak to him on the phone. She related that she asked the appellant why he was doing this and "hadn't he already done enough." Officer Smith testified that the individual who called this last time at 3:00 p.m. was the same individual he had previously talked to. Lieutenant Rivera of the Houston Police Department testified that he talked to the informer and said: "Mr. Norton, did your wife get the license number of the vehicle," to which the informer stated, "No, she didn't." He further asked the informer whether he had taken down the license plate number, to which the informer replied that he did not because he was not at home.

■■ In his first two grounds of error appellant complains of the trial court's action in overruling his *oral* motion for continuance. We note that the court had granted appellant's two prior written motions for continuance. The third motion for continuance, of which appellant complains, was not in writing, was not sworn to by appellant, nor were the requirements of Article 29.07, V.A.C.C.P., met. Therefore, nothing is presented for review. *Lopez v. State,* Tex.Cr.App., 535 S.W.2d 643; *Gonzales v. State,* Tex.Cr.App., 470 S.W.2d 700; *Stubbs v. State,* Tex.Cr.App., 457 S.W.2d 563. See also *Allen v. State,* Tex.Cr.App., 505 S.W.2d 923. Moreover, the record affirmatively reflects that the appellant did not apply for process of witness until two days before trial.

In *Peoples v. State,* Tex.Cr.App., 477 S.W.2d 889, we held:

"If a defendant does not apply for process of a witness until a day or two before his trial, he has failed to exercise the due diligence which is necessary to support a motion for continuance, particularly where several months have elapsed between the date of the indictment and the date of the trial."

The first two grounds of error are overruled.

■ In his next three grounds of error the appellant complains that the trial court erred by admitting over timely objection hearsay evidence pertaining to his alleged commission of the crime and that, because of the nature of this evidence, the evidence was insufficient to show his involvement in the crime. We overrule these contentions. The evidence clearly established that Officer Smith recognized the voice of the informer when Mrs. Norton listened in on the last telephone conversation as being that of the person who had called previously. Mrs. Norton testified that she recognized the voice as that of the appellant. Lieutenant Rivera testified that he called the appellant by his name and appellant responded. The foregoing evidence was sufficient to establish the requisite identity of the informer as being the appellant.

In *Locke v. State,* Tex.Cr.App., 453 S.W.2d 484, we quoted from *Collins v. State,* 77 Tex.Cr.R. 156, 178 S.W. 345, 355, wherein we held:

"Voice is a competent means of identification if the witness had any previous acquaintance with the person identified. It is sufficient that the witness has heard such person's voice but once previous to the time in question." See also *Schwartz v. State,* 158 Tex.Cr.R. 171, 246 S.W.2d 174.

■ As to the argument that the evidence of the conversations was inadmissible as being hearsay, our response is that the conversations did not constitute hearsay at all. Whether the law of evidence denominates such statements as being operative facts or verbal acts, it is clear that "[I]f the

fact in controversy is whether a communication was made and not its truth or falsity, the writing, words or other communications is original evidence and not hearsay." *Burchfield v. State,* Tex.Cr.App., 475 S.W.2d 275, 277, and cases cited therein.

In *Herndon v. State,* Tex.Cr.App., 543 S.W.2d 109, 119, we quoted with approval a statement from Wigmore's treatise on evidence:

"Where the utterance of specific words is itself a part of the details of the issue under the substantive law and pleadings, their utterance may be proved without violation of the hearsay rule because they are not offered to evidence the truth of the matter that may be asserted therein."

See also *Christ v. State,* Tex.Cr.App., 480 S.W.2d 394; *Wharton's Criminal Evidence,* 13th Edition, Sec. 274, 1972; McCormick and Ray, *Texas Law of Evidence,* Sec. 795 (1956).

The evidence is sufficient and the grounds of error are overruled.

Finally, the appellant argues that the trial court erred in denying defense counsel's request to make an opening statement to the jury concerning the nature of the defenses upon which appellant relied as provided by Art. 36.01, subd. 5, V.A.C.C.P.

The record reflects that after the State had rested at the guilt-innocence stage of the trial defense counsel sought to make a statement to the jury and the trial court ruled:

"THE COURT: The Court here and now will permit you to make an opening statement outlining to the jury what you expect the testimony from your witnesses to show. I will now give you an opportunity to check and see if you have any witness to put on and if you do, you may make your opening statement, but if you do not, the Court will not permit you to make an opening statement telling the jury what you expect a witness to testify to when you don't expect to put any witness on.

"Now, you check to see what witnesses you have here to put testimony on and the Court will permit it.

"MR. WILLIAMS: Okay. We object to the Court's ruling."

Shortly thereafter, the trial court stated the following:

"THE COURT: All right. Let the record show that now in the presence of the defendant and the attorneys in the case, that the Court is going to change a previous ruling, the previous ruling being that I denied defense counsel the right to make an opening statement to the jury.

"I am here and now going to permit the defense counsel to make an opening statement to the jury regarding any explanations of any testimony that he expects to give through his witnesses.

"I would further advise defense counsel that if he does make such an opening statement, the Court would expect him to be acting in good faith and in the event he did not have any witnesses to testify following his opening statement, the Court would presume that he was not acting in good faith and would take appropriate action.

"So, I am not going to deny you the right to make an opening statement you care to make under circumstances you feel free to do so."

Defense counsel objected to this ruling.

 It is the appellant's position that Art. 36.01, subd. 5, supra, would require the trial court to allow defense counsel the right to make an opening statement to the jury concerning "the nature of the defenses relied upon and the facts expected to be proved in their support" even if no defensive evidence or witnesses were presented. While the right of a defendant to have his counsel make an opening statement is "a valuable right, and the denial of a timely request by the defendant to make an opening statement constitutes reversible error," *Caraway v. State,* Tex.Cr.App., 417 S.W.2d 159, and cases cited therein, "the character and extent of such statement are subject to the control of the trial court . . . ." *McBride v. State,* 110 Tex.Cr.R. 308, 7 S.W.2d 1091.

In *Dugan v. State,* 82 Tex.Cr.R. 422, 199 S.W. 616, 617, it was stated, "[T]he proper function of the opening for the defendant is to enable him to inform the court and jury what he expects to prove."

In the present case since the appellant called no witnesses, did not testify himself nor otherwise offer any evidence in his defense, the trial court did not err in its ruling. Appellant's counsel was not prevented from making an opening statement; the only constraint placed upon him was that he make the statement in good faith and we perceive no error in the court's ruling that the opening statement would not be made in good faith if the appellant chose to call no witnesses or present defensive evidence. The case of *Reagan v. State,* Tex.Cr.App., 423 S.W.2d 335, is dispositive of this issue. Appellant's contention that Art. 36.01, subd. 5, supra, allows defense counsel to make an opening statement to the effect that the defendant is relying upon the defense of not guilty, and that the defendant is content in relying on the facts presented by the State, is without merit. The ground of error is overruled.

The judgment is affirmed.