Carl D. DONNELL a/k/a Carl Donell Donnell, Appellant

v.

The STATE of Texas, Appellee.

No. 10–05–00039–CR.

Court of Appeals of Texas, Waco.

April 12, 2006.

**866**

Donald Davidson, Bedford, for Carl D. Donnell.

Tim Curry, Tarrant County Crim. Dist. Atty., Ft. Worth, for The State of Texas.

Before Chief Justice GRAY, Justice VANCE, and Justice REYNA.

## OPINION

BILL VANCE, Justice.

A four-count indictment charged Appellant Carl Donnell with three counts of indecency with a child by contact and one count of indecency with a child by exposure. Specifically, Donnell was accused of fondling the breasts and genitalia of his daughter's ten-year-old friend, exposing his penis to her, and causing her to touch his penis. A jury found Donnell guilty of all four counts and assessed punishment of thirteen years' imprisonment on each count. The trial court ordered that the sentences on counts one, two, and three run concurrently but that the sentence on count four run consecutively. Asserting six issues, Donnell appeals.

### Opening Statement

■ Article 36.01 of the Code of Criminal Procedure allows a defendant to make an opening statement and state the "nature of the defense relied upon and the facts expected to be proved in their support." TEX.CODE CRIM. PROC. ANN. art. 36.01 (Vernon Supp.2005). The defense's opening statement began: "Truth is consistent. Inconsistencies is reasonable

doubt." The trial court sustained the State's objection that the statement was argument. Defense counsel continued:

You are going to hear testimony that is not consistent. Let me tell you what the actual truth is of that evening and what witnesses were there, and I'm going to ask that each one of you listen carefully for detail because that's the only way you'll be able to determine the truthfulness.

The State again objected as argumentative, and the trial court again sustained the objection and instructed defense counsel to "please summarize the evidence." Defense counsel then gave a several-page (reporter's record) summary of the evidence that the jury would hear.

 In his first issue, Donnell asserts that the trial court erred in sustaining the State's objections. The character and extent of opening statement are subject to the trial court's discretion. *Norton v. State,* 564 S.W.2d 714, 718 (Tex.Crim.App. [Panel Op.] 1978). A trial court abuses its discretion if its ruling falls outside the "zone of reasonable disagreement." *Montgomery v. State,* 810 S.W.2d 372, 391 (Tex. Crim.App.1990).

The trial court did not abuse its discretion. The statements conveyed that Donnell was relying on the defense of "not guilty" and were argumentative. *See Norton,* 564 S.W.2d at 718 (trial court did not err in sustaining objection to defense counsel's opening statement to the effect that defendant was relying on not guilty defense); *Sue v. State,* 52 Tex.Crim. 122, 105 S.W. 804, 806 (1907) (trial court did not err in refusing to allow defense counsel to make argumentative opening statement). We overrule Donnell's first issue.

### Refusal to Admit Evidence

 Donnell's second issue asserts error by the trial court's refusal to admit the child's mother's sworn, written statement to police. In the State's case-in-chief, the mother testified that her daughter told her that Donnell had made her touch his penis. On cross-examination, the mother admitted that her written statement says that Donnell "tried to make her touch his penis, but she wouldn't." The defense offered the statement into evidence, but the trial court sustained the State's objection that it was not admissible because the witness had admitted having made the statement. *See* TEX.R. EVID. 613(a) ("If the witness unequivocally admits having made such statement, extrinsic evidence of same shall not be admitted."). During re-direct examination, the mother then used the statement to refresh her memory.

In the defense's case-in-chief, the mother admitted she has used the statement to refresh her memory. The defense moved for admission of the statement into evidence under Rule 612, but the trial court sustained the State's hearsay objection. It is this refusal that Donnell claims was error. In its brief, the State concedes that the trial court's refusal to admit the statement under Rule 612 was error. The State is correct. Rule 612 provides in part: "If a witness uses a writing to refresh memory for the purpose of testifying ... (1) while testifying; ... an adverse party is entitled ... to introduce in evidence those portions which relate to the testimony of the witness." TEX.R. EVID. 612. The State contends, however, that the error was harmless.

 Error under the rules of evidence in admitting or excluding evidence is nonconstitutional error governed by Texas Rule of Appellate Procedure 44.2(b). TEX. R.APP. P. 44.2(b); TEX.R. EVID. 103(a); *Solomon v. State,* 49 S.W.3d 356, 365 (Tex. Crim.App.2001). Rule 44.2(b) provides that a nonconstitutional error "that does

not affect substantial rights must be disregarded." Substantial rights are not affected by the erroneous admission of evidence if, after examining the record as a whole, we have fair assurance that the error did not influence the jury, or had but a slight effect. *Bagheri v. State,* 119 S.W.3d 755, 763 (Tex.Crim.App.2003); *Motilla v. State,* 78 S.W.3d 352, 356 (Tex.Crim.App.2002); *Solomon,* 49 S.W.3d at 365. In conducting a harm analysis under Rule 44.2(b), we decide "whether the error had a substantial or injurious effect on the jury verdict." *Morales v. State,* 32 S.W.3d 862, 867 (Tex. Crim.App.2000). We "consider everything in the record, including any testimony or physical evidence admitted for the jury's consideration, the nature of the evidence supporting the verdict, the character of the error and how it might be considered in connection with other evidence in the case[,] ... the jury instruction given by the trial judge, the State's theory and any defensive theories, closing arguments, and voir dire if material to appellant's claim." *Id.* We also consider overwhelming evidence of guilt, but that is only one factor in our harm analysis. *Motilla,* 78 S.W.3d at 356–58.

Arguing that the State's case depended primarily on the child complainant's credibility, Donnell claims that the error was not harmless. But although the written statement was not introduced into evidence, the mother admitted having made the inconsistent written statement. The defense was able to use it in cross-examination and closing argument. The State also presented expert testimony that sexually abused children often provide "rolling disclosure" where, as they become more comfortable discussing the abuse, over time they disclose additional—but not necessarily inconsistent—information. In this case, three days after the child had told her mother what had happened, the child told the expert (a forensic interviewer) that Donnell had forced her to touch his penis. Thus, the State argues that the mother's written statement is not a serious discrepancy. Moreover, in addition to the child's testimony about the offenses, the State points out that Donnell's daughter and the child's mother corroborated the child's testimony about some of the circumstances of the offenses. Under these circumstances, we have fair assurance that the exclusion of the mother's written statement did not influence the jury or had but a slight effect. Issue two is overruled.

## Consecutive Sentencing

■ The jury assessed Donnell thirteen years' imprisonment for each of the four counts of conviction.[1] At the State's request, the trial court ordered that the sentences for counts one and four run consecutively. *See* Tex. Pen.Code Ann. § 3.03(b)(2)(A) (Vernon Supp.2005). Donnell objected to the stacking order. Issue three complains that the trial court's stacking order violates his statutory right to have the jury assess punishment.[2] *See* Tex.Code Crim. Proc. Ann. arts. 27.02(7), 37.07, § 2(b) (Vernon 1989 & Supp.2005). Donnell argues that the jury should have decided whether his sentences should run concurrently or consecutively under section 3.03(b), asserting that the jury's note

---

1. During punishment deliberations, the jury sent a note asking, "What are the chances of concurrent time served vs. stacked time?" The trial court replied: "The court will determine whether the sentences you set in each count will be served concurrently or consecutively."

2. A person has the constitutional right to a jury trial. U.S. Const. Amend. VI; Tex. Const. art. 1, §§ 10, 15; art. 5, § 10. But there is no constitutional right to have a jury assess punishment. *Allen v. State,* 552 S.W.2d 843, 847 (Tex.Crim.App.1977).

and the jury's assessment of less than the statutory maximum for each count evidences the jury's intent for concurrent sentences.[3]

Texas courts have held that *the trial court* has the discretion to order either cumulative or concurrent sentences under article 42.08(a) of the Code of Criminal Procedure. *See* TEX.CODE CRIM. PROC. ANN. art. 42.08(a) (Vernon Supp.2005); *see e.g.*, *Pena v. State*, 102 S.W.3d 450, 456 (Tex. App.-Eastland 2003, no pet.) (trial court may stack sentences for three sexual assault of child offenses tried together); *see also Yvanez v. State*, 991 S.W.2d 280, 282 (Tex.Crim.App.1999) (trial court may order intoxication manslaughter convictions to run consecutively). These cases resolve Donnell's issue against him. We thus overrule his third issue.

### Section 3.03 Violation?

 Count one of the charge alleged indecency by contact in Donnell's touching the child's genitals; count two alleged indecency by exposure of Donnell's genitals to the child; count three alleged indecency by contact in Donnell's touching the child's breasts; and count four alleged indecency by contact in Donnell's causing the child to touch his genitals. The jury assessed punishment on each count at thirteen years' imprisonment.

Donnell's fourth issue asserts that because the offense of indecency with a child by exposure in count two was "demonstrably part of the commission" of the offense of indecency by contact under count four, conviction of both offenses violates section 3.03 of the Penal Code. *See Patterson v. State*, 152 S.W.3d 88, 92 (Tex.Crim.App. 2004). On appeal, Donnell concedes that trial counsel did not object on this ground in the trial court. By not objecting in the trial court on section 3.03 and *Patterson* grounds, Donnell failed to preserve his complaint for appellate review. *See Cabral v. State*, 170 S.W.3d 761, 763–64 (Tex. App.-Fort Worth 2005, pet. ref'd); TEX. R.APP. P. 33.1(a)(1). We overrule his fourth issue.

### Double Jeopardy and Void Sentence

 We will address Donnell's fifth and sixth issues together. The fifth issue alleges that indecent exposure (count two of the charge) is a lesser-included offense of indecency by contact (count four of the charge) and that convictions for both offenses violate the constitutional prohibition of double jeopardy. Donnell admits that his trial counsel failed to assert double jeopardy in the trial court.[4]

 In his sixth issue, Donnell alleges that his sentence for count two in the charge (count three in the indictment) ex-

---

**3.** Donnell argues that this approach is consistent with recent Supreme Court case law, citing *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), and *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004). But we and other Texas courts have rejected such arguments because trial courts are statutorily given discretion to stack sentences without a fact finding determinable by a jury. *See Manzano v. State*, 2006 WL 348463, at *4–5 (Tex. App.-Waco Feb.15, 2006, no pet. h.) (mem. op.) (not designated for publication); *Tyson v. State*, 172 S.W.3d 172, 176–77 (Tex.App.-Fort Worth 2005, pet. ref'd); *Marrow v. State*, 169

S.W.3d 328, 330–31 (Tex.App.-Waco 2005, pet. ref'd).

**4.** Generally, to preserve a double jeopardy claim, a defendant must object at or before the time the charge is submitted to the jury. *Gonzalez v. State*, 8 S.W.3d 640, 642 (Tex. Crim.App.2000). But an appellant is excused from the preservation requirement when (1) the undisputed facts show the double jeopardy violation is clearly apparent on the face of the record and (2) enforcement of usual rules of procedural default serves no legitimate state interests. *Id.* at 643.

ceeds the statutory limit and is thus void. Indecency with a child under seventeen by exposing a person's genitals with the intent to arouse or gratify any person's sexual desire is a third-degree felony. TEX. PEN.CODE ANN. § 21.11(a)(2), (d) (Vernon 2003). A third-degree felony is punishable by imprisonment for up to ten years. *Id.* § 12.34. The State correctly concedes that the thirteen-year sentence on this count exceeds the statutory maximum and is thus void. *See Mizell v. State,* 119 S.W.3d 804, 806 (Tex.Crim.App.2003). Although Donnell's trial counsel did not object to the excessive sentence in the trial court, we may always correct an illegal sentence. *Id.* at 806 & n. 6 ("Unlike most trial errors which are forfeited if not timely asserted, a party is not required to make a contemporaneous objection to the imposition of an illegal sentence."). We sustain Donnell's sixth issue, reverse that portion of the judgment assessing punishment of a thirteen-year sentence on count two of the charge, and remand this cause to the trial court for a new punishment hearing on that count. TEX.CODE CRIM. PROC. ANN. art. 44.29(b) (Vernon Supp.2005).

Returning now to Donnell's fifth issue, we note that jeopardy does not attach to a void judgment or sentence. *Hoang v. State,* 872 S.W.2d 694, 698 (Tex.Crim.App. 1993); *Banks v. State,* 29 S.W.3d 642, 645–46 (Tex.App.-Houston [14th Dist.] 2000, pet. ref'd); *Godsey v. State,* 989 S.W.2d 482, 494 (Tex.App.-Waco 1999, pet. ref'd). Thus, because jeopardy did not attach to the void sentence on count two of the charge, Donnell's double-jeopardy protections have not been violated. *See Banks,* 29 S.W.3d at 645–46. We need not dispose of the fifth issue. As the State suggests, on remand to the trial court, Donnell may raise his double-jeopardy complaint and appeal the ruling if necessary.

We affirm the judgment of conviction. We reverse that portion of the judgment assessing punishment of a thirteen-year sentence on count two of the charge and remand this cause to the trial court for a new punishment hearing on only that count.

Chief Justice GRAY concurs in the result without a separate opinion.