**Affirmed and Opinion filed April 2, 2013.**



**In The**

# Fourteenth Court of Appeals

### NO. 14-12-00138-CR

**KHALEEM HASAN GUILLORY, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 183rd District Court**
**Harris County, Texas**
**Trial Court Cause No. 1322045**

## O P I N I O N

Khaleem Hasan Guillory challenges his conviction for possession of less than one gram of cocaine on the ground that the trial court refused to permit his attorney to make an opening statement. Finding no error, we affirm.

### I. FACTUAL AND PROCEDURAL BACKGROUND

Appellant was charged by indictment with possession of less than one gram

of cocaine. He pleaded not guilty, and the case proceeded to trial.

In the transcript, appellant's counsel's voir dire is approximately twenty-six pages long, eleven of which were spent on the issue of unreasonable searches and seizures. Defense counsel told the members of the venire that even if the State proved appellant's guilt beyond a reasonable doubt, jurors still could refuse to find him guilty if they believed that his rights were violated. The State eventually objected that "[t]here has to be a jury instruction for that," and appellant's counsel told the members of the venire, "I hope to get you a jury instruction meaning you will be told later you can consider it." The trial court then explained to the venire that "[there] is a possibility that a jury could actually consider whether somebody's rights were violated. Sometimes a Judge makes a ruling before the jury hears that information anyway."

After the State's opening argument, appellant's counsel began his opening argument, and the following exchange occurred:

| | |
|---|---|
| Appellant's Counsel: | Ladies and gentlemen of the jury, I talked to you in voir dire, which the Judge allowed me a couple of minutes to talk to you about the law. This is about the Constitution and about people's rights. One of the law enforcement officers who was in the panel said it should be left up – people's rights should be left up to Judges and appeals courts. |
| The Court: | This is not final argument, Mr. Hesse. This is what you think the evidence may show. |
| Appellant's counsel: | Your Honor, I can argue that the pig flew over the moon. |
| The Court: | Have a seat, Mr. Hesse. |
| | . . . |
| Appellant's counsel: | I object, Your Honor, to the Court not |

2

allowing me to defend my client—present my defense to the jury, sir.

The Court: Objection so noted and overruled.

The State presented the testimony of three witnesses. Officer Mawhood testified that at around midnight on October 1, 2011, he and his partner were patrolling in a marked patrol vehicle in an area of the city known for narcotics activity when Mawhood saw appellant standing outside of the driver's window of a vehicle in a private driveway. The vehicle was facing the street with its headlights on, and appellant was about ten feet from Mawhood. The officer saw a hand-to-hand transaction between appellant and the driver of the vehicle. When appellant saw Mawhood watching, he abruptly stopped what he was doing and began to walk very briskly away, and the driver of the vehicle quickly drove away in the opposite direction. Within seconds, the officers pulled over and Mawhood approached appellant, who appeared nervous and held his hands clenched. As a safety precaution, Mawhood told appellant to stop and open his hands so that he, Mawhood, could see them. When appellant did so, Mawhood saw what appeared to be a crack rock of cocaine fall from appellant's hand to the ground. The State's second witness established the chain of custody of the physical evidence, and the State's third witness testified that she tested the substance, which was found to consist of 0.0272 grams of cocaine, including adulterants and dilutants.

Appellant called no witnesses and presented no evidence. His counsel asked the trial court to instruct the jury that it should disregard evidence that officers obtained from a search if the jury failed to find beyond a reasonable doubt that officers (a) reasonably suspected that criminal activity was afoot and that the defendant was connected to it, or (b) reasonably articulated why the defendant was presently armed. The attorney also asked for an instruction that officers cannot search a defendant for evidence of a crime unless there is probable cause to believe

3

that an offense has been or is being committed. The trial court refused each of the requested instructions. Despite the absence of the requested instructions, appellant's counsel urged the jury in closing argument to return a verdict of "not guilty" because Officer Mawhood violated appellant's constitutional right to be free from unreasonable searches. During deliberations, the jury sent out the question, "Are we to consider whether or not the defendant's rights were violated in determining guilt or innocence on the indictment?" The trial court responded, "You are to be guided by the Court's jury charge submitted to you and the evidence that was submitted during the trial. Please continue your deliberations."

The jury found appellant guilty. After finding that it was true that appellant had two prior convictions, the jury assessed punishment at four years' imprisonment.

In the sole issue presented, appellant argues that the trial court committed harmful error by refusing to permit his counsel to make an opening statement to the jury.

## II. ANALYSIS

Under the Texas Code of Criminal Procedure, a criminal defendant has a statutory right to make an opening statement after the State's opening statement. TEX. CRIM. PROC. CODE ANN. art. 36.01(b) (West 2007) ("The defendant's counsel may make the opening statement for the defendant immediately after the attorney representing the State makes the opening statement for the State."). If the trial court improperly denies the defendant this right, the error is reversible if it affects the defendant's substantial rights. *See* TEX. R. APP. P. 44.2(b) (providing that any nonconstitutional error "that does not affect substantial rights must be disregarded"). We will conclude that the erroneous denial of the right to make an opening statement affected the defendant's substantial rights if, in light of the

4

entire record, the error substantially swayed the jury or had a substantial influence on its verdict. *Davis v. State*, 22 S.W.3d 8, 12 (Tex. App.—Houston [14th Dist.] 2000, no pet.).

Appellant asserts that his defense "rested on a sufficient grasp of the complex and sometimes confusing case law" surrounding the right to be free from unlawful searches and seizures. He contends that by refusing to permit his counsel to impart an understanding of this case law to the jury through an opening statement, the trial court committed harmful error by depriving him of the opportunity to effectively present his defense. We disagree.

It is the trial court's responsibility to instruct the jury on the law applicable to the case. TEX. CRIM. PROC. CODE ANN. art. 36.14 (West 2007). In contrast, the purpose of an opening statement is to allow defense counsel to tell the jury "[t]he nature of the defenses relied upon and the facts expected to be proved in their support." *Id.* art. 36.01(a)(5). It is used "'to communicate to the jury the party's theory of the case in order to aid the jury to evaluate and understand the evidence as it is being presented.'" *McGowen v. State*, 25 S.W.3d 741, 747 (Tex. App.—Houston [14th Dist.] 2000, pet. ref'd) (quoting *Twine v. State*, 970 S.W.2d 18, 19 (Tex. Crim. App. 1998) (McCormick, J., concurring)). But "'the character and extent of such statement are subject to the control of the trial court . . . .'" *Norton v. State*, 564 S.W.2d 714, 718 (Tex. Crim. App. 1978) (quoting *McBride v. State*, 110 Tex. Crim. 308, 316, 7 S.W.2d 1091, 1094 (1928)). "[W]hen an accused in a timely manner seeks to avail himself of the privilege of making an opening statement, and does not seek to abuse the privilege by commenting upon improper or inadmissible facts, *converting it into argument*, or otherwise misusing it, it should be accorded . . . ." *Dugan v. State*, 82 Tex. Crim. 422, 424, 199 S.W. 616, 617 (1917) (emphasis added). On the other hand, "if not kept within the proper

limits, such right may be denied . . . ." *McBride*, 110 Tex. Crim. at 316, 7 S.W.2d at 1094.

Among its other inherent powers, a trial court has broad discretion to control the orderly proceedings in the courtroom. *See State ex rel. Rosenthal v. Poe*, 98 S.W.3d 194, 199 (Tex. Crim. App. 2003); *Gonzales v. State*, 2 S.W.3d 600, 607 (Tex. App.—Texarkana 1999, pet. ref'd). An attorney is required to abide by the trial court's ruling even if the attorney believes the ruling is erroneous. *Fisher v. Pace*, 336 U.S. 155, 162, 69 S. Ct. 425, 428, 93 L. Ed. 569 (1949) (affirming Texas Supreme Court in upholding trial court's ruling jailing and fining attorney for contempt for arguing with the trial court after disregarding the court's instructions to limit opening argument). Here, the trial court correctly instructed defense counsel that the purpose of opening statement was to state to the jury "what you think the evidence may show." Although the record cannot convey the attorney's expression, tone of voice, bearing, and attitude, the words of the attorney's answer were more than argumentative; they were sarcastic and disrespectful. By responding, "I can argue that the pig flew over the moon," defense counsel amply demonstrated his unwillingness to confine his remarks to the limitations properly set by the trial court. Moreover, the attorney never retracted this statement, apologized to the court, or in any way indicated that he wished to make an opening statement that complied with the trial court's instructions. In light of this response, the trial court did not err in terminating defense counsel's opening statement. *Cf. Sue v. State*, 52 Tex. Crim. 122, 125 (1907) (trial court did not err in sustaining objection that defense counsel's opening statement was argumentative); *accord*, *Donnell v. State*, 191 S.W.3d 864, 867 (Tex. App.—Waco 2006, no pet.).

The trial court denied defense counsel's motion to suppress the physical evidence obtained from appellant and did not instruct the jury that it could

disregard any of the evidence admitted at trial. Appellant has not challenged either of those rulings. Thus, although appellant's counsel asked jurors in closing argument to disregard the physical evidence and wished to make the same request during opening statement, jurors were not free to do so. Thus, even if appellant were correct in asserting that the trial court erred in refusing to permit defense counsel to continue his opening statement, any such error necessarily would be harmless.

### III. CONCLUSION

Finding no error, we overrule the sole issue presented for our review and sustain the trial court's judgment.


/s/    Tracy Christopher
Justice


Panel consists of Justices Christopher, Jamison, and McCally.

Publish — TEX. R. APP. P. 47.2(b).