**Affirmed as Modified and Opinion Filed August 24, 2021**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-19-00671-CR**

**RODRICK ONEALL TAYLOR, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 363rd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F-1875219-W**

# MEMORANDUM OPINION

Before Justices Schenck, Osborne, and Partida-Kipness
Opinion by Justice Osborne

Rodrick Oneall Taylor appeals the trial court's judgment convicting him of aggravated assault with a deadly weapon. The jury found Taylor guilty and assessed his punishment at five years of imprisonment. Taylor raises two issues on appeal arguing: (1) the judgment should be modified to correctly reflect that he pleaded not guilty; and (2) the trial court erred when it sustained the State's objections to two portions of his counsel's opening statement. We conclude the judgment should be modified and the trial court did not err. The trial court's judgment is affirmed as modified.

# I. PROCEDURAL BACKGROUND

Taylor was indicted for the offense of aggravated assault with a deadly weapon for intentionally shooting Davion Morgan. *See* TEX. PENAL CODE ANN. § 22.01. Taylor pleaded not guilty to the offense and the case proceeded to a jury trial. During defense counsel's opening statement, the trial court sustained the State's objections to two of his statements. The jury found Taylor guilty and assessed his punishment at five years of imprisonment.

## II. DEFENSE COUNSEL'S OPENING STATEMENT

In issue two, Taylor argues the trial court erred when it sustained the State's objections to the portions of his counsel's opening statement that indicated: (1) Morgan had a history of bullying smaller people and drug use; and (2) Morgan was reluctant to testify.

### A. *Standard of Review*

An appellate court reviews a trial court's rulings on opening statements for an abuse of discretion. *See Norton v. State*, 564 S.W.2d 714, 718 (Tex. Crim. App. [Panel Op.] 1978) (character and extent of opening statement subject to trial court's discretion); *McBride v. State*, 7 S.W.2d 1091, 1094 (Tex. Crim. App. 1928) (op. on reh'g); *see also Paroline v. State*, 532 S.W.3d 491, 495 (Tex. App.—Texarkana 2017, no pet.); *Donnell v. State*, 191 S.W.3d 864, 867 (Tex. App.—Waco 2006, no pet.). More specifically, an appellate court reviews a trial court's ruling on the proper scope of a defendant's opening statement for an abuse of discretion. *Dugan*

*v. State*, 199 S.W. 616, 617 (Tex. Crim. App. 1917); *Sue v. State*, 105 S.W. 804, 806 (Tex. Crim. App. 1907); *Guillory v. State*, 397 S.W.3d 864, 868 (Tex. App.— Houston [14th Dist.] 2013, no pet.). A trial court abuses its discretion if its ruling falls outside the "zone of reasonable disagreement." *Montgomery v. State*, 810 S.W.2d 372, 391 (Tex. Crim. App. 1990).

### B. *Applicable Law—Opening Statements*

The right to make an opening statement is contained in article 36.01 of the Texas Code of Criminal Procedure. TEX. CODE CRIM. PROC. ANN. art. 36.01(a)(5), (b). It is a statutory right, not a constitutional imperative or mandate. *Moore v. State*, 868 S.W.2d 787, 788–89 (Tex. Crim. App. 1993).

The purpose of an opening statement is to communicate to the jury a party's theory of the case in order to help the jury evaluate the evidence as it is being presented. *Guillory*, 397 S.W.3d at 868; *Fisher v. State*, 220 S.W.3d 599, 603 (Tex. App.—Texarkana 2007, no pet.). Article 36.01 defines the scope of both the State's and the defendant's opening statements. CRIM. PROC. art. 36.01(a)(3), (5). It provides that the "State's attorney shall state to the jury the nature of the accusation and the facts which are expected to be proved by the State in support thereof." *Id.* art. 36.01(a)(3). It also provides that "[t]he nature of the defense relied upon and the facts expected to be proved in their support shall be stated by defendant's counsel." *Id.* art. 36.01(a)(5); *see also Norton*, 564 S.W.2d at 718; *Robles v. State*, 104 S.W.3d

649, 652 (Tex. App.—Houston [1st Dist.] 2003, no pet.) (noting proper purpose of defendant's opening statement is to inform court and jury what he expects to prove).

When a defendant makes an opening statement, the character and extent of such statement are subject to the control of the trial court. *Norton*, 564 S.W.2d at 718; *McBride*, 7 S.W.2d at 1094; *Dugan*, 199 S.W. at 617; *see also Paroline*, 532 S.W.3d at 494; *Guillory*, 397 S.W.3d at 868. The trial court has discretion to limit the defendant's opening statement to its proper scope. *McBride*, 7 S.W.2d at 1094; *Dugan*, 199 S.W. at 617; *Sue*, 105 S.W. at 806; *Guillory*, 397 S.W.3d at 864.

### C. *Objection to the Statement that the Victim was a Bully and Used Drugs*

First, we address the part of Taylor's second issue arguing the trial court erred when it sustained the State's objection to the portion of his counsel's opening statement that indicated Morgan had a history of bullying smaller people and used drugs. He contends that Morgan's credibility was an issue at trial and his defense counsel was "properly explaining the character evidence [he] anticipated would be admissible against [Morgan]" and "attempted to show the jury the facts it would hear as well as a preview of [Morgan's] character." Further, he maintains that evidence supporting these statements was admitted during the trial. Also, Taylor claims that he was harmed by the limitation of his counsel's opening statement because it influenced the jury's verdict and ability to judge the evidence. The State responds

that the trial court properly sustained its character objection and Taylor was not harmed by the limitation of his counsel's opening argument.

### 1. Applicable Law—Facts Expected to Be Proved

The trial court has discretion to limit the defendant's opening statement to ensure that it is not used to comment on improper or inadmissible facts or evidence. *Moore v. State*, 868 S.W.2d 787, 793 (Tex. Crim. App. 1993) (while defendant has right to make opening statement on matters prescribed by statute, it is not error for trial court to preclude him from stating matter inadmissible in evidence); *McBride*, 7 S.W.2d at 1094; *Dugan*, 199 S.W. at 617; *Sue*, 105 S.W. at 806; *Guillory*, 397 S.W.3d at 864; *see also Meyer v. State*, 41 S.W. 632, 633 (Tex. Crim. App. 1897) (holding it was proper for trial court to restrict counsel's opening statement where bill of exception showed defendant proposed to state matters not admissible in evidence); *Atilano v. State*, No. 01-17-00564, 2018 WL 2107239, at *6 (Tex. App.—Houston [1st Dist.] May 8, 2018, no pet.) (mem. op., not designated for publication) (holding trial court did not abuse discretion in sustaining State's hearsay objection to defendant's opening statement because defendant did not identify applicable hearsay exception); *Enrique v. State*, No. 03-08-00760-CR, 2009 WL 3400988, at *3 (Tex. App.—Austin Oct. 23, 2009, no pet.) (mem. op., not designated for publication) (where motion in limine indicated admissibility of certain evidence was in question, defense counsel had no right to raise issue during opening statement

because he could not reasonably expect to prove it during trial); *Dean v. State*, No. 01-01-00443-CR, 2002 WL 31122124, at *2 (Tex. App.—Houston [1st Dist.] Sept. 26, 2002, pet. ref'd) (not designated for publication) (concluding trial court did not err in sustaining State's hearsay objection to portion of defendant's opening statement commenting on defendant's confession when State did not mention confession or use it during its case-in-chief); *Carrasquillo v. State*, 742 S.W.2d 104, 113 (Tex. App.—Fort Worth 1987, no pet.) (concluding no error where trial court refused to permit defendant to mention in opening statement testimony of witness defense counsel believed might not be admissible). It is incumbent on the defendant to exercise good faith in spelling out in his opening statement what he anticipates the evidence will show. *Paroline*, 532 S.W.3d at 495; *see also Norton*, 564 S.W.2d at 718 (concluding trial court did not err in ruling defendant's opening statement would not be made in good faith).

Only relevant evidence is admissible. *See* TEX. R. EVID. 402. Evidence is relevant if it has any tendency to make a fact that is of consequence to the determination of the action more or less probable than it would be without the evidence. *Id.* 401.

Under Rule 404(a)(3), a defendant may offer evidence of a victim's pertinent character trait, subject to the restrictions in Rule 412.[1] EVID. 404(a)(3). Also, under Rule 404(b)(1), "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." *Id.* 404(b)(1). Exceptions to this rule include admission of the evidence "for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." *Id.* 404(b)(2).

When character evidence is admissible, opinion testimony and testimony as to a person's reputation are generally the only forms of evidence admissible to prove character, except when the character of a person is an essential element of a charge, claim, or defense; proof may then be made of specific instances of conduct. EVID. 405; *Evans v. State*, 876 S.W.2d 459, 463–64 (Tex. App.—Texarkana 1994, no pet.). And, when character evidence has been admitted, evidence of specific instances of conduct is allowable in rebuttal. EVID. 405; *Evans*, 876 S.W.2d at 463–64.

### 2. Application of the Law to the Facts

Before trial, the State filed a written motion in limine pursuant to Texas Rules of Evidence 405 and 608. That motion requested, in part, that until there was a hearing outside the presence of the jury to determine the admissibility of the

---

[1] Rule 412 addresses the admissibility of evidence of previous sexual conduct in criminal cases.

evidence, the defendant refrain from mentioning with respect to the State's witnesses any prior criminal record, the witness's character or reputation, or any specific instances or acts of conduct for the purpose of attacking or supporting the witness's credibility. However, the record does not show that a hearing was held or that the trial court ruled on the motion. Also, before trial, defense counsel made an oral motion in limine with respect to all extraneous evidence subject to Rule 404(b), the State agreed without reference to its pending written motion in limine, and the trial court granted the defendant's motion. No hearing with respect to the admissibility of Morgan's prior criminal history or other bad acts was held prior to the parties' opening statements.

After the State presented its opening statement, defense counsel made his opening statement. During the defendant's opening statement, the State objected to defense counsel's comment that Morgan had a history of bullying smaller people and drug use on the basis that it was improper character evidence as follows:

| | |
|---|---|
| Defense Counsel: | According to other witnesses at the scene, however, independent witnesses, the shooter was wearing . . . Mr. Morgan, the man who habitually picks on those weaker than he is, smaller than he is, who habitually uses drugs, claims that— |
| State: | Your Honor, I'm going to object. This is **inadmissible character** in opening. |
| Trial Court: | Sustained. |

(Emphasis added.)  The State did not request an instruction for the jury to disregard the statement.

Character evidence is generally inadmissible unless it meets an exception to the rule.  *See* EVID. 404.  When the State objected to Taylor's opening statement on the basis that it referred to inadmissible character evidence, Taylor did not identify an applicable exception to the character evidence rule.  *See Atilano*, 2018 WL 2107239, at *6.  Further, prior to the parties' opening statements, the trial court ruled on the defendant's motion in limine concerning "404(b)" evidence and granted that motion.  While a ruling on a motion in limine is not a ruling on admissibility, the ruling indicated that the admissibility of the evidence relating to other crimes, wrongs, or bad acts was questionable.  Consequently, defense counsel could not in good faith raise those facts during his opening statement, as he could not reasonably have "expected" to prove those facts during trial.  *See Enrique*, 2009 WL 3400988, at *3.

We conclude the trial court did not abuse its discretion when it sustained the State's inadmissible character evidence objection to defense counsel's discussion of the evidence in his opening statement.  The first part of issue two is decided against Taylor.

### D. *Objections to the Statement that the Victim was Reluctant to Testify*

Second, we address the part of Taylor's second issue arguing the trial court erred when it sustained the State's objections to the portion of his counsel's opening statement that indicated Morgan was reluctant to testify because it was not improper "character evidence." The State responds that the trial court properly sustained its speculation objection.

#### 1. Applicable Law–General Forecast of Defense's Theory and Evidence

As we previously noted, the purpose of an *opening statement* is to communicate to the jury a party's theory of the case in order to help the jury evaluate the evidence as it is being presented. *Guillory*, 397 S.W.3d at 868; *Fisher*, 220 S.W.3d at 603; *Abney*, 1 S.W.3d at 274–75. In contrast, the purpose of *closing argument* is to facilitate the jury in properly analyzing the evidence presented at trial so that it may arrive at a just and reasonable conclusion based on the evidence. *Milton v. State*, 572 S.W.3d 234, 239 (Tex. Crim. App. 2019). Although courts and parties sometimes refer to an "opening statement" as "opening argument," an opening statement is not an opportunity for the parties to argue the case.

The trial court has the discretion to foreclose counsel from presenting jury argument during opening statements. *Sue*, 105 S.W. at 806 (trial court did not err in sustaining objection that defense counsel's opening statement was argumentative); *see also Moore*, 868 S.W.2d at 793 (it is not error for trial court to preclude defendant

–10–

from making argumentative and prejudicial remarks in his favor during his opening statement); *Donnell*, 191 S.W.3d at 867 (trial court did not err in sustaining State's argumentative objection to defense counsel's opening statement that defendant relying on defense of "not guilty"); *Atiliano*, 2018 WL 2107239, at *6 (holding defendant's discussion of evidence during opening statement that emphasized things as going "on and on" and "important" was jury argument rather than mere preview of evidence).

## 2. Application of the Law to the Facts

We note that Taylor combines this argument with his argument relating to the trial court's ruling with respect to his opening statements regarding Morgan's bullying and drug use and refers only to the State's "inadmissible character" objection. Taylor does not mention the trial court's ruling as to the State's objections that defense counsel's opening statement that Morgan was reluctant to testify was conclusory, speculative, and argumentative. The entirety of Taylor's argument on appeal with respect to his statement that Morgan was unwilling to testify is: "The defense also attempted to preview evidence in its opening statement that [] Morgan did not want to testify in the case. During his testimony [] Morgan admitted that he did not want to testify. He informed the jury that the State made him testify." (record citations omitted.). An appellant must attack all independent grounds supporting a trial court's ruling. *See State v. Hoskins*, No. 05-13-00416-CR, 2014 WL 4090129,

at *2 (Tex. App.—Dallas Aug. 19, 2014, no pet.) (not designated for publication); *Marsh v. State*, 343 S.W.3d 475, 479 (Tex. App.—Texarkana 2011, pet. ref'd).

Nevertheless, even if we broadly construe his argument to encompass the trial court's rulings on the State's conclusory, speculative, and argumentative objections, we still conclude the trial court did not err. The record shows the State made the following objections to this portion of his opening statement:

| | |
|---|---|
| Defense Counsel: | Furthermore, as soon as Morgan was contacted about testifying in this case, he decided he wanted nothing to do with it. See, when someone started asking him tough questions— |
| State: | Your Honor, I'm going to—again, this is **speculation**. We have no one here to attest to this. It's also **argumentative and conclusive**. |
| Trial Court: | Sustained. |

(Emphasis added.) Again, the State did not request an instruction for the jury to disregard the statement.

Taylor's opening statement about Morgan's reluctance to testify emphasized the timing—as soon as he was contacted—and the reason—someone started asking him tough questions. These statements amounted to more than a preview of the evidence; they were argumentative. *See Atilano*, 2018 WL 2107239, at *6.

We conclude the trial court did not abuse its discretion when it sustained the State's objection to defense counsel's statement as argumentative. Accordingly, we

need not address the trial court's ruling with respect to the State's objections that defense counsel's opening statement was conclusory and speculative. The second part of issue two is decided against Taylor.

### III. MODIFICATION OF THE JUDGMENT

In issue one, Taylor argues the judgment should be modified to correctly reflect that he pleaded not guilty. The State agrees that Taylor pleaded not guilty and the trial court's judgment is incorrect. And the record shows that Taylor pleaded not guilty.

An appellate court has the authority to modify an incorrect judgment to make the record speak the truth when it has the necessary information to do so. *See* TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993); *Asberry v. State*, 813 S.W.2d 526, 529–30 (Tex. App.—Dallas 1991, pet. ref'd) (en banc). We conclude the trial court's final judgment should be modified to correctly state that Taylor pleaded not guilty to the offense. Accordingly, the judgment is modified as follows: (1) "Plea to Offense: Guilty" is modified to read "Plea to Offense: Not Guilty." *See* TEX. R. APP. P. 43.2(b); *Bigley*, 865 S.W.2d at 27–28; *Asberry*, 813 S.W.2d at 529–30.

Issue one is decided in Taylor's favor.

## IV. CONCLUSION

The trial court did not err when it sustained the State's objection to portions of defense counsel's opening statement. Also, the judgment should be modified to correctly reflect that Taylor pleaded not guilty.

As modified, the trial court's judgment is affirmed.

/Leslie Osborne//
LESLIE OSBORNE
JUSTICE

190671f.u05

Do Not Publish
TEX. R. APP. P. 47



# Court of Appeals
# Fifth District of Texas at Dallas
## JUDGMENT

RODRICK ONEALL TAYLOR,
Appellant

No. 05-19-00671-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 363rd Judicial
District Court, Dallas County, Texas
Trial Court Cause No. F-1875219-W.
Opinion delivered by Justice
Osborne. Justices Schenck and
Partida-Kipness participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

"Plea to Offense: Guilty" is modified to read "Plea to Offense: Not Guilty."

As **REFORMED**, the judgment is **AFFIRMED**.

We **DIRECT** the trial court to prepare a corrected judgment that reflects this modification.

Judgment entered this 24th day of August, 2021.